People v Dunton

2026 NY Slip Op 02996

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Claude Dunton, appellant. (S.C.I. No. 2365/18)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2019-01420

Colleen D. Duffy, J.P.

Betsy Barros

Barry E. Warhit

Lisa S. Ottley, JJ.

Twyla Carter, New York, NY (Laura Boyd of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Liam M. Brozen on the brief), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Suzanne Melendez, J.), rendered January 3, 2019, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including January 3, 2030, is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection consistent herewith; and it is further,

ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,

ORDERED that the judgment is affirmed.

Although the defendant did not object to the duration of the order of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Alexis, 235 AD3d 888, 889; People v Khedr, 234 AD3d 991; People v Newman, 234 AD3d 877, 878). Thus, the rule of preservation does not apply (see People v Carrington, 238 AD3d 893, 894).

As the People concede, the duration of the order of protection issued at sentencing exceeded the maximum time limit set forth in CPL 530.13(4), since it did not take into account the defendant's jail-time credit. Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including January 3, 2030, and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the order of protection (see People v Newman, 234 AD3d at 878). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.

DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court